UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-00480-H

HERNDON SALES GROUP, LLC                                                  PLAINTIFF

V.

RADIATOR SPECIALITY COMPANY                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case arises from a contractual dispute between Plaintiff Herndon Sales Group, LLC ("Herndon") and Defendant Radiator Specialty Company ("RSC") relating to a binding written agreement between the parties entitled the Manufacturer's Representative Agency Agreement (the "Agreement"). Herndon claims that RSC breached the Agreement by failing to pay a termination fee when RSC dismissed Herndon as its sale representative. For the reasons set forth below, the Court will grant RSC's motion for summary judgment.

I.

Herndon is a sales agency that markets and sells industrial goods on behalf of manufacturers. RSC is a North Carolina corporation specializing in the manufacturing of chemical solutions for the automotive, hardware and appliance industries. On April 1, 2009, Herndon and RSC entered into the Agreement, appointing Herndon as RSC's exclusive sales representative for a line of RSC products. The Agreement contained no fixed period of duration. Rather the Agreement continued "only so long as [Herdon's] services are satisfactory to [RSC]." About two years later, on July 21, 2011, RSC sent a written notice of termination to Herndon. The letter indicated the termination was pursuant to Section II of the Agreement, which provides

for termination "without cause" upon thirty days advanced written notice.[1] The termination was to be effective October 31, 2011.

At issue is whether Herndon is entitled to a termination fee consistent with the Agreement. Herndon filed this action seeking specific performance, damages for breach of contract, attorney's fees and declaratory relief. Defendant filed a motion for summary judgment and a counterclaim seeking declaratory relief and attorney's fees.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment bears the initial burden "to demonstrate that an essential element of the nonmoving party's case is lacking." *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The burden then shifts to the non-moving party to show a genuine dispute exists as to that element, defeating the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court reviews evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1] The July 21 letter offered an extended termination period to Herndon (approximately 90 days). If Herndon chose not to agree to the extended termination terms by July 27, the terms would be withdrawn and the letter served as 30-day advance notice of termination. On July 28, 2011, RSC notified counsel for Herndon that the Agreement would be terminated on August 31, 2011, due to Herndon's refusal to acquiesce to the extended termination terms in the July 21 letter.

III.

This case presents a relatively straightforward issue of contract interpretation. Pursuant to the Agreement's choice-of-law provision found in Section VIII.G, the Court will construe the contract according to North Carolina law.

A court's primary purpose when interpreting a contract is to ascertain the parties' intention upon entering the contract. *Mayo v. N. C. State Univ.*, 608 S.E. 2d 116, 120 (N.C. Ct. App. 2005). If a contract's language is plain and unambiguous, construction of the contract is a matter of law for the court, and the court may not look beyond the express terms therein to determine the intentions of the parties. *Jim Lorenz, Inc. v. O'Haire*, 711 S.E. 2d 820, 823 (N.C. Ct. App. 2001). On the other hand, when an agreement is ambiguous and the parties' intention is unclear, a factual question exists such that the interpretation of the contract is for a jury. *Id*.

An ambiguity exists if the language of the contract is reasonably susceptible to either of the constructions proffered by the parties. *Mosely v. WAM*, 606 S.E. 2d 140, 142 (N.C. Ct. App. 2004). Even if parties differ as to the interpretation of the contract, it is not necessarily ambiguous. *Robinson, Bradshaw, Hinson, P.A. v. Smith*, 532 S.E. 2d 815, 823 (N.C. Ct. App. 2000). A party cannot create an ambiguity by arguing that the express language of the contract does not truly express the party's intent. *See Mosely*, 606 S.E. 2d at 143.

In determining whether a contract is ambiguous, a court gives words their usual and ordinary meaning and if possible, reconciles all terms of the agreement. *Lynn v. Lynn*, 689 S.E. 2d 198, 205 (N.C. Ct. App. 2010), Should the court find the contract to be unambiguous, it construes and enforces the contract as written. *Id*. The court may not ignore or delete any of the terms of the contract but rather interpret the contract so as to give effect to all of its provisions. *See Hodgin v. Brighton*, 674 S.E. 2d, 444, 446 (N.C. Ct. App. 2009) (stating a court may not

"under the guise of construing an ambiguous term, rewrite the contract or impose liabilities on the parties not bargained for" when the language of the contract is clear).

The pertinent termination provisions are as follows:

**Section II.A.** This Agreement does not constitute an agreement for any definite period of time and may be terminated without cause by either party giving thirty (30) days prior written notice of termination to the other party.  The Company may also terminate the Agreement "at will" effective immediately in accordance with the provisions of section VII below.

**Section VII.A.** In addition to the method of termination provided in Section II above, this Agreement may be terminated immediately in the event of a breach of any of the terms or conditions of the Agreement.  Such termination shall be effective immediately upon the giving of written notice of termination to the party breaching the Agreement.  If for any reason termination attempted to be made under this Paragraph A is deemed to be ineffective, then notice of termination under Paragraph A shall be deemed to be notice of termination "at will" under Section II, and the Agreement shall be terminated thirty (30) says after such notice is given.

**Section VII.B.** The Company may also, at its option, elect to terminate this Agreement "at will" effective immediately by giving Representative written notice of such termination and by paying Representative a termination fee equal in amount to fifty percent (50%) of the commissions earned by Representative during the twelve (12) months immediately preceding the month in which notice of termination is given, and in such event, no commissions shall be payable on orders written on or after the date of termination.

Herndon argues summary judgment is inappropriate because the termination provisions are unclear.  Specifically, Herndon argues the Agreement's inconsistent use of the phrases "at will" and "without cause" render the contract ambiguous.  Additionally, Herndon argues that having two voluntary termination provisions with only one triggering termination payment is nonsensical. RSC could simply wait thirty days and avoid payment of a termination fee.  Such a reading, they argue, would render the termination fee provision meaningless.  Lastly, Herndon contends that the parties actually intended to include a termination fee provision in the case of any voluntary termination as compensation for the corresponding non-compete covenant.

The Agreement clearly delineates three methods of termination: (1) termination for breach per Section VII.A; (2) termination without cause with 30-day prior written notice per Section II.A; and (3) termination at will effective immediately under Section VII.B. Termination at will effectively immediately is the only method that requires payment of a termination fee. The Court disagrees with Herndon that the voluntary termination methods are synonymous. The voluntary termination provisions are unequivocally distinct: one requires advance notice and the other requires payment of a termination fee. *See Emmanuel African Methodist Episcopal Church v. Reynolds Const. Co.,* 718 S.E. 2d 201, 203 (N.C. Ct. App. 2011) (noting that an interpretation that gives reasonable meaning to all the terms of the contract will be preferred over one that leaves a term useless or superfluous). Moreover, Section VII.B is distinct from Section II.A in two respects: (1) Section II.A makes reference to the termination at will effective immediately found in Section VII.B, and (2) Section VII.B's language "[t]he Company may **also**, at its option, elect to terminate this Agreement 'at will' effective immediately" indicates an additional, alternative method of termination.

Accordingly, the Court finds the Agreement unambiguous on its face. As such, it must be interpreted as written. RSC chose to end its agreement with Herndon by invoking Section II's advanced notice termination without cause. The July 31 termination notice complies with Section II of the Agreement by providing the requisite 30-day notice. Nowhere does the letter indicate that the termination was effective immediately. In fact the July 21 letter expressly indicated that termination was pursuant to Section II and Herndon was therefore not entitled to a termination fee. The Agreement clearly provides the termination fee is only triggered in the event that RSC elects to terminate the Agreement at will effectively immediately without advance notice. As such, the termination fee provision in Section VII.B does not apply, and

Herndon is not entitled to the termination fee. The Court's decision merely has held the parties to the respective terms of the contract upon which they agreed.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Radiator Specialty Company's motion for summary judgment is SUSTAINED and Plaintiff Herndon's claim is DISMISSED WITH PREJUDICE.  Defendant's Counterclaim is DISMISSED as moot.

IT IS FURTHER ORDERED that Defendant is entitled to attorney's fees and associated costs under Section VIII.C. of the Manufacturer's Representative Agency Agreement.

cc:     Counsel of Record